**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3816-16T2

FRANK BOOKER,

    Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

    Respondent.

_____

        Submitted May 21, 2018 — Decided June 15, 2018

        Before Judges Ostrer and Firko.

        On appeal from the New Jersey State Parole
        Board.

        Frank Booker, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney
        for respondent (Melissa H. Raksa, Assistant
        Attorney General, of counsel; Erica R. Heyer,
        Deputy Attorney General, on the brief).

PER CURIAM

    Appellant Frank Booker appeals from the March 29, 2017 final

agency decision of the New Jersey State Parole Board (Board)

denying him parole and imposing a 144-month future eligibility

term (FET).  We affirm.

On January 27, 1987, a jury convicted appellant of murder and aggravated arson. On April 6, 1987, appellant was sentenced to life imprisonment with a thirty-year period of parole ineligibility. He was also sentenced to five consecutive years for arson. While incarcerated, appellant was indicted for possession of a controlled dangerous substance (CDS). On October 22, 2001, he pled guilty to this charge and was sentenced to an additional four-year concurrent term of incarceration. Thereafter, appellant pled guilty on August 22, 2014, to conspiracy to manufacture, distribute and disperse a CDS. He was sentenced to a three-year concurrent term of incarceration.

Appellant became eligible for parole on January 6, 2016. However, a two-member panel of the Board denied him parole on January 19, 2016, and referred his case to a three-member panel (panel) to establish a FET outside of the administrative guidelines. The panel determined a 144-month FET was appropriate.

In an comprehensive decision, the panel noted the following aggravating factors: (1) serious nature of the offenses; (2) his extensive and repetitive prior criminal record; (3) his present incarceration for multi-crime convictions; (4) his disciplinary record during his current incarceration consisting of nine disciplinary infractions, some of which were drug related and several of which were offenses resulting in loss of commutation

credits and confinement in administrative segregation; (5) insufficient problem resolution, specifically, appellant's lack of insight into his criminal behavior, minimization of his conduct, and limited understanding of his inner rage; (6) his lack of an adequate parole plan; (7) his risk evaluation score of 19, indicating a high risk of recidivism; (8) his criminal record becoming more serious; and (9) prior opportunities on community supervision failed to deter his criminal behavior.

As mitigation, the panel considered appellant's participation in institutional programs, including programs specific to behavior; average to above average institutional reports; attempts made to enroll in programs despite being denied admission; the achievement and maintenance of minimum custody status; and letters of support. In addition, the panel considered information classified as confidential pursuant to N.J.A.C. 10A:71-2.2(c).

After considering the applicable factors in N.J.A.C. 10A:71-3.11(b), the panel determined that appellant remained a substantial threat to public safety, essentially for the reasons enumerated above, warranting the setting of a FET that differed from the presumptive term. The panel further found that, pursuant to N.J.A.C. 10A:71-3.21(d), a 144-month FET was appropriate given appellant's lack of rehabilitative progress, his lack of remorse for his actions, and his justification for his criminal mindset.

Parole supervision was not deemed appropriate. The 144-month FET results in a projected parole eligibility date of April 22, 2022.

Appellant appealed the panel decision to the Board on August 29, 2016. On March 29, 2017, the Board upheld the recommendation to deny parole and to impose a 144-month FET. This appeal ensued. Appellant presents the following arguments for our consideration:

> POINT ONE:
>
> APPELLANT ARGUES THAT THE [BOARD] HAS IGNORED AND UNDERVALUED SUBSTANTIAL EVIDENCE AND RELIED ON THE SAME REPETITIVE, REDUNDANT, AND REPEATED JUSTIFICATIONS TO DENY PAROLE AND IMPOSE EXCESSIVE (FET) THAT IT HAS PREVIOUSLY EMPLOYED UNTO INMATES SERVING LIFE TERMS FOR MURDER.
>
> POINT TWO:
>
> APPELLANT CONTENDS THAT THE [BOARD] ERRONEOUSLY REACHED ITS DECISION TO DENY PAROLE BASED ON A PRECONCEIVED NOTION OF A SUBSTANTIAL LIKELIHOOD THAT HE WOULD COMMIT A NEW CRIME IF RELEASED ON PAROLE.
>
> POINT THREE:
>
> THE [BOARD] MISTAKENLY IMPOSED A[N] ONE-HUNDRED AND FOURTY-FOUR (144) MONTHS FUTURE ELIGIBILITY TERM (FET).

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D). We affirm substantially for the reasons

expressed in the Parole Board's comprehensive written decision. We add only the following brief comments.

We must accord considerable deference to the Board and its expertise in parole matters. Therefore, our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). "Parole Board decisions are highly individualized discretionary appraisals, and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citations omitted).

We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 179 (citations omitted). In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citations omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack

of satisfactory progress in reducing the likelihood of future criminal behavior[,]" the Board may impose a greater FET. N.J.A.C. 10A:71-3.21(d).

Here, we discern no basis to disturb the Board's decision. The Board considered the relevant factors in N.J.A.C. 10A:71-3.11. Its decision is supported by sufficient credible evidence in the record and is entitled to our deference. We are satisfied that the denial of parole and the imposition of a 144-month FET was neither arbitrary, capricious nor unreasonable. See McGowan, 347 N.J. Super. at 547 (affirming the imposition of a thirty-year FET based on appellant's high likelihood of recidivism).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION